Gen. 17] 17

**BI-COUNTY AGENCIES**

STATUTES — COUNTIES — BOUNDARIES OF METROPOLITAN
    DISTRICT DO NOT CHANGE WHEN COUNTY CHANGES
    ELECTION DISTRICT LINES

July 11, 1994

*The Honorable Richard A. Palumbo*
*House of Delegates*

You have requested our opinion whether recent changes in the election districts in Prince George's County have the effect of altering the boundaries of the Metropolitan District.

For the reasons stated below, we conclude that changes in the election districts do not alter the boundaries of the Metropolitan District as they have been set by statute.

I

**The Metropolitan District**

The Metropolitan District was created by Chapter 448 of the Laws of Maryland 1927. At that time, the district covered approximately the area that now falls within the Capital Beltway. *See Prince George's County v. Laurel*, 262 Md. 171, 174, 277 A.2d 262 (1971). The 1927 enactment also created the Maryland-National Capital Park and Planning Commission, which had planning authority within the Metropolitan District, as well as the authority to acquire property for parks and other public purposes. In Chapter 714 of the Laws of Maryland 1939, the functions of the Commission were separated, with the Commission continuing to exercise park functions within the Metropolitan District.[1] The law governing the Commission is now codified in Article 28 of the Maryland Code.

---

[1] The Commission was empowered to exercise expanded planning authority in a larger area known as the Regional District.

Over the years, the Metropolitan District has expanded so that it includes all of Prince George's County except the Nottingham and Aquasco Election Districts (Districts 4 and 8), the City of Laurel, the City of Greenbelt, and District Heights.[2] Most of Montgomery County is also included. Each expansion of the Metropolitan District has been accomplished by statute. *See* Article 28, §3-102.

## II

## Changes in Boundaries of the Metropolitan District

Article 25A, §5(H) provides charter counties with the express authority to "rearrange and create election districts and precincts." Recent changes to the election districts in Prince George's County have raised the question whether the boundaries of the Metropolitan District that are set by reference to election districts also change when the election districts are changed. As explained below, it is our view that the references to election district boundaries are intended to refer to the election districts as they existed at the time that the provisions governing the Metropolitan District were enacted.

"The cardinal rule of statutory construction is to ascertain and carry out the intent of the legislature." *Montgomery County v. Buckman*, 333 Md. 516, 523, 636 A.2d 448 (1994). This analysis begins with the language of the statute itself. *Gargliano v. State*, 334 Md. 428, 435, 639 A.2d 675 (1994). The words of the statute "must not be read in a vacuum," however, "but should be considered in light of other manifestations of legislative intent." *In re Douglas P.*, 333 Md. 387, 393, 635 A.2d 427 (1994). These include the history of the enactment, its relationship to other statutes, and other indicia of the purpose, aim, or policies of the Legislature. *Fikar v. Montgomery County*, 333 Md. 430, 434, 635 A.2d 977 (1994).

The language of Article 28, §3-102, which establishes the boundaries of the Metropolitan District, indicates that the intent was to use the election district boundaries as they existed at the time. The references to election districts first appeared in the 1943 revision, Chapter 1008 of the Laws of Maryland 1943, which referred to the "*present* dividing line between Election District No.

---

[2] House Bill 76 of 1969, to add Districts 4 and 8 to the Metropolitan District, was defeated.

1 (Vansville) and Election District No. 21 (Berwyn)." (Emphasis added.) This revision also mentioned "Ritchie Road, which road forms the eastern boundary line of Election District No. 18 (Seat Pleasant)." Furthermore, while subsequent election district references do not refer to "present" boundaries, they do refer to boundaries as following specific roads or rivers, indicating that it was the boundary as it existed at that time that was intended.

The history of the Metropolitan District also suggests no intention by the General Assembly that the boundaries of the district change with the boundaries of an election district. Each change that has been made in the district has been made by statute, and Article 28 contains no mechanism for the boundaries to be altered in any other way.[3]

The power to create municipal corporations and to alter their boundaries is a legislative one. *Groff v. Frederick City*, 44 Md. 67, 78 (1876). While the power to alter boundaries may be delegated to a city or town, municipal corporations have no inherent powers to add to their size. *Rockville v. Brookeville Turnpike Construction Co., Inc.*, 246 Md. 117, 128, 228 A.2d 263 (1967). An attempt to do so without authority is invalid. *Beaty v. Inlet Beach*, 9 So.2d 735, 741 (Fla. 1942).

If the boundaries of the Metropolitan District change when the election districts change, the County Council would have the power to make substantial changes in the Metropolitan District. It is our view that the General Assembly did not intend to give that authority to the County. In fact, Section 1 of the 1943 revision, Chapter 1008, expressly states that one of its purposes was to clarify "the intent of the General Assembly of Maryland that said provisions of law are to be treated and construed as applicable to the entire ... Metropolitan District as the same comprises portions of both counties, and not as public local laws of either county...."

As a final point, while we have found no cases that involve the use of election districts for boundaries, other references to lines that can move, like streets, have been held to refer to the street as it

---

[3] In contrast, the Regional District can be enlarged by ordinance adopted by the County Council if the people in the area petition for such a change. Article 28, §7-104.

existed at the time the boundary was established. *Folkman v. Myers*, 115 A. 615 (N.J. Eq. 1921).

## III

## Conclusion

In summary, it is our opinion that references to election district boundaries in Article 28 refer to the election districts as they existed at the time of enactment. Therefore, subsequent changes in the election districts by the county do not alter the boundaries of the Metropolitan District.

J. Joseph Curran, Jr.
*Attorney General*

Kathryn M. Rowe
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*